UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JODIE DEREK GRAGG,

              Petitioner,

     v.

GRAYS HARBOR PROSECUTOR KRAIG NEWMAN, *et al*,

              Respondent.

Case No.  C07-5448RJB-KLS

ORDER TO SHOW CAUSE

    This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

    Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts reads in relevant part:

> If the applicant is presently in custody pursuant to the state judgment in question, the application shall be in the form of a petition for a writ of habeas corpus in which the state officer having custody of the applicant shall be named as respondent.

A petitioner for *habeas corpus* relief, therefore, must name the state officer having custody of him or her as the respondent to the petition.  This person typically is warden of the institution where the petitioner is incarcerated.  Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction.  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994 (citations omitted).  Here, petitioner

ORDER
Page - 1

1 has named the Grays Harbor County Prosecutor as respondent, whereas the superintendent or warden of
2 the Grays Harbor County correctional facility where he is incarcerated should have been named.

3      In addition, the exhaustion of state court remedies is a prerequisite to the granting of a petition for
4 writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly
5 by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion thus may not be implied or inferred.  A
6 petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair
7 opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S.
8 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of
9 claims to the state court requires "full factual development" of the claims in that forum.  Kenney v.
10 Tamayo-Reyes, 504 U.S. 1, 8 (1992).

11      It is not enough that all of the facts necessary to support the federal claim were before the state
12 courts, or that a somewhat similar state law claim was made.  Duncan v. Henry, 513 U.S. 364, 366 (1995)
13 (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)).  A federal
14 claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum,
15 (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim."
16 Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).  The petitioner
17 "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully
18 present the legal basis of the claim."  Id.

19      The claim must be fairly presented in "each appropriate state court," that is, at each level of state
20 review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass
21 upon and correct" alleged violations of the petitioner's federal rights.  Baldwin v. Reese, 541 U.S. 27, 29
22 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th
23 Cir. 1992).  The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or
24 petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to
25 federal case law."  Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

26      The fourth ground for seeking federal *habeas corpus* relief petitioner raises in his petition
27 concerns ineffective assistance of counsel at his trial.  One sub-claim contained in that ground that
28 petitioner makes states that his attorney "also did not object to Larry Hakes testimony not matching his

ORDER
Page - 2

1 written statement, that was allowed into evidence." (Dkt. #11, p. 11[1]).  Petitioner expressly admits that
2 "[t]his issue was not raised about Larry Hakes," however, as he "just now realized the fact." Id.; see also
3 (Dkt. #11, p. 12).  As such, this ground four sub-claim clearly has not been exhausted.

4 When a petitioner has defaulted on his claims in state court, principles of federalism, comity, and
5 the orderly administration of criminal justice require that federal courts forego the exercise of their
6 *habeas corpus* power. Francis v. Henderson, 425 U.S. 536, 538-39 (1976).  Rules that promote prompt
7 resolution of all constitutional claims at the appropriate state court proceeding must be respected by a
8 federal *habeas* court. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).  Thus, federal courts
9 "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and
10 unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005).  Instead, such petitions "must be
11 dismissed for failure to completely exhaust available state remedies." Jefferson v. Budge, 419 F.3d 1013,
12 2005 WL 1949886 *2 (9th Cir. 2005) (citing Rose v. Lundy, 455 U.S. 509, 518-22 (1982)).

13 As just discussed, the above sub-claim of petitioner's fourth ground for seeking federal *habeas*
14 *corpus* relief has not been fully exhausted.  Thus, petitioner has presented a mixed petition containing
15 both exhausted and unexhausted federal claims, which, also as just discussed, in itself requires dismissal
16 of the petition.  Before doing so, generally the Court is required to provide petitioner with "the choice of
17 returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present
18 only exhausted claims to the district court." Id.; see also Rhines, 544 U.S. at 278; Tillema v. Long, 253
19 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed
20 petition by striking unexhausted claims).  This is not so, however, where petitioner would be procedurally
21 barred from returning to state court to address the unexhausted claims.

22 A *habeas corpus* claim is barred from federal review if the petitioner has failed to exhaust state
23 remedies and the state's highest court would now find the claim to be procedurally barred. Coleman, 501
24 U.S. 735 n.1.  To give litigants "a fair opportunity to comply with known procedural rules, the controlling
25 state procedural bar is the one in place at the time the claim should have been raised." Calderon v. U.S.
26 District Court for the Eastern District of California, 103 F.3d 72, 75 (9th Cir. 1996).  Thus, "[o]nly if the

---

28 [1]The Court here is using, and henceforth herein shall use, the pagination of the form on which petitioner has presented his petition.

ORDER
Page - 3

bar is 'firmly established and regularly followed' at that time will it serve as an adequate ground to foreclose federal review." Id.

In 1989, the Washington State Legislature enacted the following prohibition against the filing of successive collateral attacks:

> If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. . . . If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition.

RCW 10.73.140. Under Washington law, the term "collateral attack" is "any form of postconviction relief other than a direct appeal." In re Becker, 143 Wn.2d 491, 496 (2001) ("collateral attack" includes personal restraint petitions and motions for new trial). Collateral attacks "cannot simply be a reiteration of issues finally resolved at trial and upon appellate review." Id. Rather, they "must raise new points of fact and law that were not or could not have been raised in the principal action." Id. Washington courts thus may not consider a personal restraint petition or other equivalent motion "if the movant has previously brought a collateral attack on the same or substantially similar grounds." Id.

Only if petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," will he be entitled to federal *habeas corpus* review. See Boyd v. Thompson, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing Coleman, 501 U.S. at 750). To satisfy the "cause" prong, petitioner must show that "some objective factor external to the defense" prevented him from complying with the state's procedural rule. McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Objective factors constituting "cause" include "interference by officials" making compliance with the procedural rule impracticable, as well as "a showing that the factual or legal basis" for the claims "was not reasonably available." Id. at 493-94 (internal quotes omitted). Constitutionally ineffective assistance of counsel also constitutes cause, but any attorney error short of that will not excuse procedural default. Id. at 494. Under RCW 10.73.140 itself as well, petitioner can demonstrate "good cause" if he can show that "an external objective impediment" had prevented him "from raising the issues, rather than

1  a self-created hardship." In re Personal Restraint Petition of Vazquez, 108 Wn.App. 307, 315 (2001).

2  The mere fact that a petitioner is *pro se* or lacks knowledge of the law, furthermore, is insufficient
3  to satisfy the cause prong.  That is, "[w]hen a pro se petitioner is able to apply for post-conviction relief to
4  a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state
5  supreme court." Hughes v. Idaho State Board Of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (finding
6  petitioner's claims of illiteracy and lack of help in appealing post-conviction petition, though unfortunate,
7  to be insufficient to meet cause standard); Boyd, 147 F.3d at 1126-27.

8  Once a petitioner establishes cause, he must show "'actual prejudice' resulting from the errors of
9  which he complains." Id. (quoting United States v. Frady, 456 U.S. 152, 168 (1982)).  Such prejudice
10 exists if the alleged errors worked to the petitioner's "*actual* and substantial disadvantage, infecting his
11 entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original).  In the
12 alternative, a *habeas corpus* petition may be granted without a showing of cause in those "extraordinary
13 instances when a constitutional violation probably has caused the conviction of one innocent of the
14 crime." McCleskey, 499 U.S. at 494; Murray, 477 U.S. at 495-96 (in extraordinary case, where
15 constitutional violation has probably resulted in conviction of one who is actually innocent, federal
16 *habeas* court may grant petition even in absence of showing of cause).

17 Here, petitioner makes no showing that some objective factor external to his defense prevented
18 him from complying with Washington's procedural bar rule.  Because petitioner "cannot establish any
19 reason, external to him, to excuse his procedural default," this court need not address the issue of actual
20 prejudice. Boyd, 147 F.3d at 1127; Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991) (finding of
21 lack of cause eliminates court's need to discuss whether petitioner was prejudiced).  Furthermore, because
22 petitioner is not alleging that he is actually innocent, this is not the kind of extraordinary instance where
23 the petition should be granted despite the absence of a showing of cause. McCleskey, 499 U.S. at 494;
24 Murray, 477 U.S. at 495-96.

25 In addition to naming the wrong respondent, therefore, it appears petitioner is procedurally barred
26 from returning to state court to exhaust the ground four sub-claim discussed above.  Accordingly, the
27 Court shall not serve the petition on respondent.  Petitioner thus shall file by **no later than December 21,**
28 **2007**, an amended petition under 28 U.S.C. § 2254, naming the proper respondent.  Further, because the

1 above ground four sub-claim would now be procedurally barred, the Court hereby finds that claim should
2 be stricken, and as such, petitioner shall not include it in the amended petition.
3    The Clerk shall send a copy of this Order to petitioner.
4    DATED this 21st day of November, 2007.

                                        Karen L. Strombom
                                        United States Magistrate Judge